| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Larry D Simons<br>Law Offices of Larry D. Simons<br>15545 Devonshire Ave<br>Ste 110<br>Mission Hills, CA 91345<br><br>818–672–1778<br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

| In re:<br><br>Jaime Carvajal<br><br><br><br><br>Debtor(s). | CASE NO.: 6:20–bk–14678–WJ<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 6:22–ap–01062–WJ |
|---|---|
| Lynda T Bui (TR)<br><br><br>Plaintiff(s)<br>Versus<br><br>Lanita Costilla<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **08/08/2022.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
        **Date:**         **October 6, 2022**
        **Time:**        **10:30 AM**
        **Hearing Judge:**    **Wayne E. Johnson**
        **Location:**      **3420 Twelfth St., Crtrm 304, Riverside, CA 92501**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*　　　　　　　　　　　Page 1　　　　　　　　**F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: July 8, 2022

By: _____"s/" Cynthia Renee Jewell_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016* — Page 2 — **F 7004–1.SUMMONS.ADV.PROC**

Larry D. Simons, CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*
Frank X. Ruggier, CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorneys for Lynda T. Bui, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>JAIME CARVAJAL,<br><br>Debtor. | Case No. 6:20-bk-14678 WJ<br><br>Chapter 7<br><br>Adv. Proc. No. |
| LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LANITA MARIE COSTILLA fka LANITA MARIE CARVAJAL, an individual<br><br>Defendant, | **COMPLAINT TO:**<br><br>**(1) AVOID AND RECOVER FRAUDULENT TRANSFERS;**<br><br>**(2) TURNOVER OF PROPERTY; AND**<br><br>**(3) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR**<br><br>[11 U.S.C. §§ 363(h) and 542, 548 and 550]<br><br>DATE:  TO BE SET<br>TIME:   TO BE SET<br>PLACE:  Courtroom 304<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

///

///

1

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; (3) TURNOVER OF PROPERTY; AND (4) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

**TO THE DEFENDANT AND HER COUNSEL OF RECORD, IF ANY:**

For her Complaint to: (1) Avoid and Recover Fraudulent Transfer; (2) For Turnover of Estate Property and (3) Authorize Sale of Property Owned in Part by Non-Debtor (the "Complaint") against the defendant, Lanita Marie Costilla fka Lanita Marie Carvajal (the "Defendant"), plaintiff Lynda T. Bui, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtor Jaime Carvajal (the "Debtor") hereby alleges as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), (N) and (O).

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

3. The instant proceeding involves the recovery of property greater than $1,375.00, therefore venue in this district is proper under 28 U.S.C. § 1409(b).

4. This proceeding is brought pursuant to 11 U.S.C. §§ 363(h), 542, 544 and 548 and Rules 7001(1), (3) and (9) of the Federal Rules of Bankruptcy Procedure.

5. The Trustee consents to entry of final orders and judgments by the Bankruptcy Court.

6. Plaintiff, Lynda T. Bui (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled In re Jaime Carvajal, bearing Case No. 6:20-bk-14678 WJ (the "Bankruptcy Case").

7. The debtor Jaime Carvajal (the "Debtor") initiated the Bankruptcy Case by filing a voluntary Chapter 7 petition on July 9, 2020 (the "Petition Date").

///

///

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

8.     The Trustee is informed and believes, and based thereon alleges, that defendant Lanita Marie Costilla fka Lanita Marie Carvajal ("Costilla" or "Defendant"), is an individual residing within the jurisdiction of this Court and is the ex-wife of the Debtor.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.     The instant complaint (the "Complaint") against the Defendants initiates an adversary proceeding in which Trustee is seeking to recover for the benefit of creditors the improved real property commonly known as 30496 Avenida Ximino, Cathedral City, California 92234 (the "Property").

10.    The Trustee is informed and believes, and based thereon, alleges that the Debtor and Defendant acquired title to the Property as joint tenants by a grant deed recorded in the Official Records of the Recorder's Office of Riverside County, California on July 11, 2014 as Document Number 2014-0259668.

11.    The Trustee is informed and believes, and based thereon, alleges that Debtor and Defendant initiated a dissolution proceeding in the Riverside Superior Court styled as *Carvajal v. Carvajal* bearing case number FLIN 1900444 (the "Dissolution Action").

12.    The Trustee is informed and believes, and based thereon, alleges that the Riverside Superior Court entered that certain judgment of dissolution on June 9, 2020, which incorporated an uncontested Martial Settlement Agreement between Debtor and Defendant (the "Dissolution Judgment"). A true and correct copy of the Dissolution Judgment is attached herein as Exhibit "1."

13.    The Trustee is informed and believes, and based thereon, alleges that the Dissolution Judgment awarded one half of the Property to Debtor and the other half of the Property to Defendant (the "Transfer").

14.    The Trustee is informed and believes, and based thereon, alleges that title to the Property has not changed since the Dissolution Judgment was entered.

15.    The Trustee is informed and believes that the transfer of fifty percent (50%) of the Property to Defendant was made for less than reasonably equivalent value.

///

16. The Trustee is informed and believes, and based thereon, alleges that the Transfer constitutes a "transfer" within the meaning of 11 U.S.C. § 101(54).

17. On his Amended Schedule A/B, Debtor listed a fifty percent (50%) interest, with Defendant in the Property.

18. On his Amended Schedule A/B, Debtor listed the value of the Property at $315,000.00, with the current value owned by the Debtor as $157,500.00.

19. On his Amended Schedule C, Debtor claimed an exemption in the Property in the amount of $100,000 pursuant to California Code of Civil Procedure ("CCP") § 704.730.

20. On his Schedule D, Debtor listed Nationstar/Mr. Cooper as a creditor holding a security interest against the Property with an outstanding balance of $206,705.00. Therefore, there was significant equity in the Property at the time of the Transfer.

21. The Trustee is informed and believes and, on based thereon, alleges that the Transfer affected a transfer of all or substantially all of the Debtor's assets.

22. The Trustee is informed and believes and, on based thereon, alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 that could avoid the Transfer under applicable California law.

23. The Trustee is informed and believes and, on based thereon, alleges that the Debtor is precluded from claiming **any** exemption in the Property pursuant to 11 U.S.C. § 522(g) due to the voluntariness of the Transfer.

## FIRST CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

## [11 U.S.C. §§ 548(a)(1)(A) and 550(a)]

24. Plaintiff realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

25. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made within two years before the Petition Date.

///

26. Plaintiff is informed and believes, and based thereon, alleges that the Transfer was made by Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that the Transfer was made, indebted.

27. Plaintiff is informed and believes, and based thereon, alleges that following factors with respect to the Transfer show the fraudulent intent of the Debtor:

    a. Debtor received less than reasonably equivalent consideration for the Transfer as the Transfer was made for no or little consideration.

    b. Debtor was insolvent or became insolvent shortly after the Transfer was made in that the sum of the Debtor's debts exceeded all of the Debtor's non-exempt assets.

    c. Debtor had incurred substantial debts before the Transfer.

28. The Transfer constitutes an avoidable transfer under 11 U.S.C. § 548(a)(1)(A) and is therefore, avoidable by the Trustee.

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

## [11 U.S.C. § 548(a)(1)(B)]

29. Plaintiff realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

30. Plaintiff is informed and believes, and based thereon, alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfer as the Transfer was made for no or little consideration.

31. Plaintiff is informed and believes, and based thereon, alleges that by virtue of the Transfer, Debtor was insolvent or became insolvent as a result of such Transfer, in that the sum of the Debtor's debts exceeded all of the Debtor's non-exempt assets.

32. Plaintiff is informed and believes, and based thereon, alleges that by virtue of the Transfer, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

///

33. Plaintiff is informed and believes, and based thereon, alleges that by virtue of the Transfer, the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider not in the ordinary course of business.

34. The Transfer constitutes an avoidable transfer under 11 U.S.C. § 548(a)(1)(B) and is therefore, avoidable by the Trustee.

## THIRD CLAIM FOR RELIEF

## RECOVERY OF AVOIDED TRANSFER

## [11 U.S.C. § 550(a)]

35. Plaintiff realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

36. Plaintiff is informed and believes, and based thereon, alleges that Defendant was the initial transferee of the Transfer or that Defendant was the individual for whose benefit the Transfer was made, or that Defendant was the immediate or mediate transferees of the initial transferee receiving the Transfer.

37. Upon avoidance of the Transfer, the Plaintiff is entitled to recover from Defendant the property transferred or the value of the property transferred, with interest thereon at the maximum legal rate from the date of the Transfer, for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550(a).

## FOURTH CLAIM FOR RELIEF

## TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY

## OWNED, IN PART, BY A NON-DEBTOR

## [11 U.S.C. § 363(h)]

38. Plaintiff realleges each and every allegation contained in paragraphs 1 through 37 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

39. Based upon the current value of the Property and the outstanding debt against the Property as of the Petition Date, and taking into account, estimated costs of sale, the Property has

1 gross equity of about $100,000.00[1], at least half of which constitutes property of the Estate.

40. To the extent that Defendant Costilla is declared to have an ownership interest in the Property, Partition of the Property between the Estate and Defendant Costilla is impracticable.

41. To the extent that Defendant Costilla is declared to have an ownership interest in the Property, the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free of the interests of Defendant Costilla.

42. To the extent that Defendant Costilla is declared to have an ownership interest in the Property, the benefit to the Estate of a sale of the Property free of the interests of Defendant Costilla outweighs the detriment, if any, to Defendant Costilla.

43. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

44. By reason of the foregoing, the Plaintiff may sell the interest of Defendant Costilla in the Property pursuant to Section 363(h).

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF

1. For a judgment that the Transfer of the Property be avoided;

ON THE THIRD CLAIM FOR RELIEF

2. For a judgment that the Property, or its respective value, be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550;

ON THE FOURTH CLAIM FOR RELIEF

3. To obtain approval for the sale of the interest of Defendant, a non-Debtor in the Property pursuant to 11 U.S.C. § 363(h);

///

///

///

---

[1] This figure does not include any exemption amount, which Trustee will challenge pursuant to 11 U.S.C. § 522(g).

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

ON ALL CLAIMS FOR RELIEF

4. For attorney's fees; and

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court deems just and proper.

Dated: July 7, 2022           **LAW OFFICES OF LARRY D. SIMONS**

                              _____*/s/ Larry D. Simons*_____
                              Larry D. Simons, Attorneys for Plaintiff,
                              Lynda T. Bui, Chapter 7 Trustee

**Law Offices of Larry D. Simons**
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

8

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; (3) TURNOVER OF PROPERTY; AND (4) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>*Lynda T. Bui, Chapter 7 Trustee* | **DEFENDANTS**<br>*Lanita Marie Costilla* |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>*Larry D. Simons*<br>*Law Offices of Larry D. Simons*<br>*15545 Devonshire Street*<br>*Suite 110*<br>*Mission Hills, CA 91345*<br>*818.672.1778 Fax: 626.389.5607* | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[xx] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [xx] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
*Avoidance of Fraudulent Transfers per § 548 and authorization to sell non debtor portion of property per § 363(h)*

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[xx] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[xx] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq*.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ **100,000** |
| Other Relief Sought | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>*Jaime Carvajal* || BANKRUPTCY CASE NO.<br>*6:20-bk-14678 WJ* |
| DISTRICT IN WHICH CASE IS PENDING<br>*Central District of California* | DIVISION OFFICE<br>*Riverside* | NAME OF JUDGE<br>*W. Johnson* |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>  */s/ Larry D. Simons*<br>  *Larry D. Simons* |||
| DATE<br>*July 7, 2022* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Larry D. Simons* ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15545 Devonshire Street, Suite 110, Mission Hills, California 91345

A true and correct copy of the foregoing document entitled (*specify*):

**SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING; COMPLAINT TO (1) AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TURNOVER OF PROPERTY; AND (3) AUTHORIZE SALE OF PROPERTY OWNED BY NON-DEBTOR**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___07/12/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

OUST-Riverside: ustpregion16.rs.ecf@usdoj.gov
Lynda T. Bui (TR): trustee.bui@shulmanbastian.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __07/12/2022_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant:**  Lanita Costilla, 16329 West Cottonwood St., Surprise, Arizona 85388

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/12/2022 | Karen Green | /s/ Karen Green |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**